Oyez, oyez, oyez. All persons having any manner of form of business before the Honorable United States Court of Appeals for the Fourth Circuit, I'd like to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. All right, please stand, please. All right, first case we're going to hear this morning is United States v. Allen, and Mr. Carpenter, we'll hear from you. Good morning, and may it please the Court. My name is Beau Carpenter from Silver, North Carolina, and I represent a defendant appellate to Bradford Allen in this case. In this case, there is no dispute that when you apply the categorical approach and the plain text of the guidelines to Mr. Allen's prior conviction for 843B, that it is categorically not a controlled substance offense. Even if you follow the argument of the government that says that the Let me, did I understand you? I thought the guidelines make it an offense. Excuse me? Am I, I thought 843B was made relevant, a predicate offense by the guidelines in the commentary. That's correct, Your Honor. The commentary says that the 843B is an offense under the guideline. When you look at the commentary, but you can't skip the text of the guideline. No, but that's my point. That's the argument you have, is that the guidelines is general, and the commentary includes 843B, and your argument has to be that the commentary is impermissible. That's correct. There are several reasons why the court should not follow the commentary in this case. The first one says that you can't follow the, you can't skip past the guideline text and go straight to the commentary, which is what the government is urging the court to do here, and that's what the government urged in Schell. In Schell, the court very clearly said you can't skip the text of the guideline and go to the commentary. The place to start is the text of the guideline, not the commentary. And also, in this case, the- Except that we almost universally apply the commentary as law, unless you meet the Stinson standard. Correct, and that is the second reason why you should not follow the commentary in this case. That's got to be the first, because otherwise, the commentary was written by the very same commission that wrote the text, and they write the text, and they say, this is what we meant, and the only argument you can say is they erred in writing commentary, which could not be enforced in view of the text. I mean, that's what Stinson says. One cannot be enforced without violating the other, and so that's a pretty heavy standard. Well, Your Honor, there is a difference between the commentary and the text. The text was approved by Congress, whereas the commentary is not. That's just the guideline's interpretation of what was approved. You're bucking up a lot of hills. I mean, the commentary is treated as law, just as the text is. Correct. And we do not overlook that. The only argument you can have is that the commentary is inconsistent with the text, such that enforcing one would cause you to violate the other. That's the Stinson standard. Correct. I think that's what you have to address, this notion that we're just going to discard the guidelines, and the commission did it, and they gave us these guidelines, and Congress approved that. Why doesn't the Walton case control? The Walton case from 1995 from this circuit? Well, the Walton case and the Kennedy case before were decided well before the decisions of Shepard. But it is a decision of this Court, and this panel would have to ignore that decision. And it says quite specifically that 843B conviction is properly considered a controlled substance. And that Court in Walton and the Court in Kennedy before it said apply the modified categorical approach to reach that conclusion. And since then, there's been quite a bit of change in the case law. The Supreme Court has made very clear that the Court is not to apply the modified categorical approach to predicate offenses. Right. But the Court was looking at the nature of, wasn't the Court saying, at least it looks like it's saying in Walton, that the offense itself is a controlled substance offense? I read Walton to be following the commentary to that particular one. But, again, particularly the law has changed in that, especially when you look at the recent decisions this year, which decided a supplemental authority, that being McCollum, Whitley. In that case, they ignored the commentary and went straight to the guideline text. They made very clear you start with the guideline text. And to address your issue, Judge Neumeier, we are saying that the guideline text, the commentary is inconsistent with the guideline text in this case. Well, it's not quite inconsistent. It has a more specific and rigorous standard, which is that you can't follow one without violating the other. That's what's consistent. It says in that following one will result in violating the dictates of the other. That's a Stinson language, how they define the inconsistency. Correct. But, again, the Court in Harris also earlier this year said that to get around the commentary, there's actually two things you look at. One is that the commentary is inconsistent. And then the second way you get around the commentary is if the predicate offense is broader than the guidelines. And that jumps right into the categorical approach. And so when you look at the predicate offense here, which is the 843B, the elements of that are broader than the guideline text. It includes a course of conduct that is not considered a controlled substance offense. So we do argue it is inconsistent because there's nothing in the guidelines at all, the guideline text about facilitating a drug offense, a controlled substance offense. It only covers the manufacture, import, export, distribution, or dispensing of a controlled substance. There's nothing in the text itself about using a communication facility. I gather then you would also conclude that conspiracy, aiding and abetting, attempting a controlled offense is not a predicate offense also? I would, Your Honor, yes. I would ask the Court to follow the reasoning in Winstead from the D.C. Circuit earlier this year. What about Dozier? Dozier is not in conflict at all. Dozier did say in that particular predicate offense for conspiracy. To be clear, I'm not asking the Court to throw out all the commentary to the guideline text. I'm saying in this particular case, the conspiracy is categorically not a controlled substance offense. The conspiracy underlying this charge, if you look past the 843B conviction, the conspiracy is a violation of 846. The guideline says distribution of a controlled substance is a violation, right? Correct. And the question is, what involves distribution? Now, if you say distribution means handing it off to somebody, how about attempting to hand it off to somebody? That's distribution, right? Conspiring to hand it off, you know, the guidelines say attempting to do it. Now, you're saying how about if you use a telephone to distribute? Your Honor, with all due respect, your point is that these are clarifications of the word distribution, and here it says using a communications facility in violation of 843 is an offense of conviction establishing this. These are all explanations of what's meant by the guideline in prohibiting the distribution of controlled substances. And if we apply the guideline, we don't violate the distribution statute, which is a Stinson statute. We're just looking at the definition of distribution as explained by the Commission. Well, the Court said in Mathis, the Supreme Court said in Mathis, it's impermissible for a particular crime to sometimes count towards an enhancement and sometimes not depending on the facts of the case. You can't look at the facts of the case and say what kind of distribution it was. To do so is impermissible. I don't think the guidelines are addressing the facts. I think they were talking about the elements. They're talking about conspiring, aiding and abetting, attempting are all part of the distribution or using a facility, particular facilities to distribute drugs. Well, the guideline we're talking about here is the use of communication facility in furtherance of a controlled substance offense. That's clearly not the case. Yeah, but the commentary explicitly says that's distribution. Right, but that's the commentary there. It's not inconsistent with distribution, is it? Excuse me? To say that it's not inconsistent with distribution, it explains what distribution is. No, it is inconsistent, Your Honor. There's nothing in the commentary at all, excuse me, in the guidelines at all about distribution, excuse me, about facilitation, about using a communication facility. And that commentary, with all due respect to the Commission, that's applying the modified categorical approaches, asking you to look past the elements of the underlying offense. The elements of the offense here under 843B are knowledge or intent, the use of a communication facility, and to violate a Subsection 1 or 2. The Court is very clear just to follow those elements. When you look at those elements, that is overly broad, is broader than the definition of the, under the guidelines for a controlled substance. I don't think the government disputes that, at least they did not in their briefs, that the definition of 843B is overly broad as the definition of the guidelines. But even if you apply the modified categorical approach and follow the commentary, you still have a problem with the underlying charge in this case, which was a conspiracy to possess and attempt to distribute. And this Court in Whitley said that that particular crime, even despite the commentary, is not a controlled substance offense. So the Court, while Whitley is an unpublished decision, is a straightforward application of the McCollum case, which is published. And I would urge your Court to look to the Maldonado case, which is a case from at least the Second Circuit that the McCollum decision in footnote 6 cited with approval, that case is directly on point here. And it says that 843B is indivisible, is broader than the guideline language under the categorical approach, and is not a controlled substance offense. And I think the Maldonado decision is right on here. It follows the Supreme Court precedent from Mathis, from Shepard, from Descamps. It's urging the Court to follow that categorical approach. And when you do that here, even following the commentary, the commentary says for a used communication facility to be in violation of the guidelines, it has to itself, the means of it has to be a controlled substance offense. Whitley says an 846 conviction or 846 charge is not a controlled substance offense. And so if your Court to follow the commentary and say that this is a controlled substance offense, would be at odds with the Whitley case issued in June from supplemental authority. And I urge your Court not to issue a decision while it's unpublished in conflict with that case earlier this year. So, again, I urge the Court not to follow the commentary in this case or to skip past the guidelines in this case and go straight to the commentary. And also, 843B is clearly indivisible. There are not alternative elements listed in 843B. The Court is not permitted to go and look at what the offense underlying the conduct was. Do you think the use of a facility is an additional element? No, I don't. Excuse me. Use of a facility is additional. In other words, it's an additional element which would make it divisible as opposed to different means of doing it. No, I don't think so at all. It's not an additional element to the offense. If you just look at the element. Don't you have to prove the you would fail in your proof of the case if they didn't prove they used a facility? You would have to show a violation of subsection 1 or 2 under that particular chapter. And that subsection 1 or 2 includes the list of offenses that do not fall in the category of a controlled substance offense. The Supreme Court said, lower courts seem to agree that the government must prove as an element of 843B offense the commission of the felony that accused is charged with facilitating. Facilitating a crime, a felony under subsection 1 or 2. But there are felonies under that that do not constitute a controlled substance offense. For example, simple possession. And also now after Whitley, conspiracy and attempt are in that subsection, which Whitley says is not a controlled substance offense. So even when you look at that and you look at whether that's an element of the offense, it still doesn't get the government where it needs to be. It's still overly broad definition when you compare it to the actual text of the guidelines. So, Your Honor, we urge you to look past, to look at the guideline text. Start there. Apply the categorical approach to the 843B conviction. And when you do so, it's very clear that it is not a controlled substance offense. Let me ask you about this Dozier case was one of our cases that issued last year. And in that case, we said a controlled substance offense also includes the offenses of aiding and abetting, conspiring and attempting to commit such offenses. Now, if you're right, then we could not have made that holding either, could we? No, I don't believe this case. Because that's the same thing. That came from the commentary. We applied the commentary to explain distribution. And the commentary there explained that aiding, abetting, conspiring and attempting to commit offenses is distribution. And we applied that and said that is a controlled substance offense. Now, the commentary you're talking about is facilitating the distribution. And it seems to me it falls into the same class. And I thought you argued earlier that conspiracy and aiding and abetting are not a violation because it's inconsistent with the guideline. But, Your Honor, that's what McComb found earlier this year. They found that the conspiracy to commit murder and reckoning is not a criminal offense. I'm going to take care of Dozier here, which was decided in 2017. Correct. So Dozier, in that case, the defendant in that case did not argue that the guideline commentary was inconsistent with the guideline text. That was an argument they did not raise there that we are raising here. And McComb and Dozier doesn't say that in every single case that conspiracy to distribute is a controlled substance offense. Well, it does, indeed. It says the term controlled substance offense is defined as, boom, and then it says it includes the offenses of aiding and abetting, conspiring and attempting to commit such offenses. Well, McComb and Whitley earlier this year after Dozier clearly said that conspiracy under the commentary is not a, McComb said crime of violence is a similar analysis. Whitley said controlled substance offense. Well, that's a different issue, isn't it? No, I don't believe so at all. I mean, they both fall under the same guideline. Conspiracy as a crime of violence? Excuse me? What did you say McComb held? McComb held that conspiracy to commit murder in aid of racketeering is not a crime of violence under the guideline. Well, that's totally different. Conspiracy is the plan to do something, and there is a whole bit of jurisprudence on that. But here we have the distribution includes the aiding and abetting of distribution by various means, attempting, conspiring, using a facility. That's not analogous at all. Well, the underlying crime is the other charge she was charged with in the previous case was conspiracy, was conspiracy in violation of 846. I understand, but conspiracy is included, too. But to cite to us a case where we say conspiracy to commit a violent crime is not a violent crime is a totally different issue. Well, in Whitley they applied McComb and said conspiracy. Because violent crime is defined in that. Correct, but the court in Whitley earlier this year followed McComb and said that conspiracy to possess with intent to distribute is not a controlled substance offense, which is a straightforward application of McComb. Okay, thank you. Thank you. Mr. Enright? Thank you, Your Honor. May it please the Court, Anthony Enright for the United States. Your Honor, Judge Niemeyer, I think you were correct. The commentary specifically says that Section 843B is a crime of violence if the offense facilitated or, I'm sorry, is a controlled substance. Your colleague argues that that's inconsistent with the guideline. It isn't, Your Honor. Your Honor is exactly right about the definition that Stinson gave us. Inconsistent means following one will violate the dictates of another. Two things to note on that. First, this Court has repeatedly held in Harris earlier this year, in Peterson before that, in cases like Dozier, that adding an offense to the list in the text isn't inconsistent with, and that holding is consistent with Stinson because there's nothing that contradicts what's in the guidelines. The second thing I'd like to note is that this is not a career offender case. This is a case under 2K2.1. The guidelines text is just the term controlled substance offense. That term is only defined in the guideline commentary. Application Note 1 to 2K2.1 refers us to the career offender guideline text and also to the application note to the career offender guideline. So the only thing you have to worry about inconsistency with under that theory is the undefined term controlled substance offense. And it's, of course, not inconsistent with the term controlled substance offense to say that a controlled substance offense includes use of a communications facility to facilitate a controlled substance offense. I do want to respond to my friend's statement about the conspiracy because that's a factual error. The defendant was not convicted of use of a communications facility to facilitate a drug conspiracy. He was convicted of use of a facility to facilitate possession with intent to distribute crack cocaine. That's in the judgment. That's in the plea colloquy. That's in the indictment. And most- That's a separate count. Is it a separate count? There are two counts. One was conspiracy. Conspiracy and the other is the- 843, and it was to facilitate the acts alleged in the first one. And most importantly for this case, that was undisputed before the district court and in the defendant's opening brief. Everyone agreed in the factual basis in the pre-sentence report that his prior conviction was facilitation of a possession with intent to distribute, and it's backed up by all the Shepard documents in the defendant's 2009 case. Alternatively, as Judge Moon alluded to, Walton establishes that it's also a controlled substance offense under the aiding and abetting provision. And even if you leave those commentary provisions out and you just look at the text of the career offender guidelines definition of controlled substance offense under Justice Alito's opinion in Williams for the Third Circuit a few years ago, the offense does qualify under the definition of controlled substance offense that is an offense that prohibits possession with intent to distribute because this court has held, as the Supreme Court acknowledged, that proof of the underlying predicate offense is an element. So to prove the facilitation offense under 843B, the United States has to prove beyond a reasonable doubt and a jury has to unanimously agree the defendant committed or somebody committed a possession with intent to distribute cocaine-based and it was facilitated by the defendant. That's a divisible offense and that would qualify under the text. Do we need to reach that analysis if we use the commentary? Not at all, Your Honor. The commentary leads us directly to the point in no uncertain terms by saying any 843B conviction where the underlying offense, the offense facilitated, is a controlled substance offense, is itself a controlled substance offense. That's the end of the story because I don't think there's any dispute that possession with intent to distribute crack cocaine is a controlled substance offense in and of itself. And I think that is the simplest way and the correct way to resolve this appeal, at least that issue. I'll address briefly the issue about the additional point for the sentence that arose from both convictions for trespass and the drug offense. Simply put, that's not a sentence for trespass. It's a sentence for trespass plus a controlled substance offense that does receive points. And so it was correct for the district court to award that point. I'd also note that that issue is waived because the defendant specifically said, the defense counsel specifically said, and didn't just say it, put it in writing. That's correct. The district court didn't have any reason to consider an argument to the contrary. If this court has no more questions, I won't belabor the point, and I'll yield the balance of my time back to the court and ask that it affirm the decision of the district court. All right, thank you. Mr. Carpenter. I want to first stress the allegation that there's a factual error here. The judgment in this case did say that the underlying, the 843B convicts, was for possession with intent to distribute. That was a factual error. When you actually look at the indictment, which is a Shepard-approved document as opposed to a judgment, it clearly is for, the count one, is for conspiracy to distribute the intent, possess with intent to distribute. Not, the underlying crime was not possession with intent to distribute. I just want to make that very clear when you look at the indictment. What was the conviction on? The prior conviction was 843B, was the use of the communication facility to commit the acts of the alleged, excuse me, to commit count one. Was it for conspiracy or the possession, use of a facility? The previous indictment had two counts. The first count was the conspiracy count. The second count? 843B, use of the communication facility to commit count one. And what was the judgment? The judgment in that case, he was convicted, it was a plea. He was convicted of 843B and count one was dismissed. How can you argue that he was convicted of conspiracy? He wasn't convicted of conspiracy. Well, I thought you argued that it was a conspiracy offense. No, no, no. We're only talking about use of communication facility. When you apply the modified categorical approach, you look behind and see what the underlying offense was. The underlying offense was the conspiracy, which he was not found guilty of. Well, actually, the element to which he pled was to possession with intent to distribute a quantity of cocaine base. That's in the plea colloquy, Rule 11. For the underlying case? Yes. No, when you look at the plea agreement in that case, he only pled guilty to count two as alleged in the indictment. I don't believe the Rule 11 plea colloquy. I don't believe the Rule 11 plea colloquy in the original case is part of the record, and I've certainly not seen a copy of that. That was not brought to my attention. But certainly the court's plea colloquy, I agree, is something the court can look at it as a Shepard-approved document. But I encourage the court to look to the original indictment in that case. The indictment says that the underlying charge was count one, and count one is obviously a conspiracy charge, which Whitley has said is not a controlled substance offense. And I want to address the commentary issue again, and I want to talk about Harris. In that case, they're talking about kidnapping, and they provided two exceptions to when the commentary can be disregarded. The first is the one we talked about when it's inconsistent, but the second one is applicable here too, and that said that if kidnapping on North Carolina law is broader than the guideline definition of kidnapping, you can also ignore the guideline text. Well, that is what we're arguing here, that 843B is broader than the guideline definition of a controlled substance offense. We don't have to say that the commentary is inconsistent. We just have to apply the categorical approach of 843B to the guideline text. I want to leave the court with a quote from Mathis v. U.S. A prosecutor or judge's mistake as to means reflected in the record should not come back to haunt a defendant many years down the road by triggering or lengthening mandatory sentence. That's exactly what happened in this case. There was a mistake in the judgment in the previous case that called 843B conviction facilitation of a possession with intent to distribute. That was a mistake of the judge in that prior case. That should not come back to haunt the defendant in this case where the underlying charge was, in fact, conspiracy to possess with intent to distribute. So we ask the court to vacate the sentence and remand the defendant. Where did you get that conspiracy? Show me in the record where he was convicted of conspiracy. He wasn't convicted of conspiracy, Your Honor. He was convicted of 843B, which is a facilitation of a conspiracy. When you look at it, and we're not asking, to be clear, all Alan's doing is asking you to look at the elements of 843B, apply those elements to the guideline text, and that should end the inquiry. That should end it. The guideline text says distribution is a crime, a controlled substance crime, and it explains that that includes aiding and abetting, conspiracy, and facilitating with a communications facility. Well, the commentary is at odds with the text. It's at odds. It adds to it and explains it. It's not inconsistent with it. It seems to me all of those relate to distribution of drugs. Well, the D.C. Circuit certainly found it very easily consistent. It said, in Winstead, it said, Oak and Kuwait crimes are clearly not part of the guideline text, and that was from a decision issue. Explain our dozier opinion. I mean, we did apply the commentary as part of the offense. Again, I'm not asking the court to totally just throw out this commentary. I'm asking the court to. . . How do you reconcile? How are we going to do what you want to do and not violate dozier? I don't see dozier as saying you always have to follow the commentary. Is that a conspiracy? You always have to. It says it is. That's what the guidelines define as distribution. McComb said conspiracy in that case, and Whitley said conspiracy under the guideline commentary. It's not a controlled substance offense, and it's not a crime of violence. All right. I noticed you were court appointed. I want to recognize that, and thank you for your service. Of course, we couldn't go forward without having that assistance. We'll come down to Greek Council and then proceed on to the next case. Thank you.
judges: Paul V. Niemeyer, Barbara Milano Keenan, Norman K. Moon